[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO COMPEL ARBITRATION
The plaintiff Malcarne seeks to compel arbitration pursuant to her underinsured insurance policy with the defendant Prudential Property Casualty Insurance Co. (Prudential). Malcarne was involved in an automobile accident on November 19, 1991, and settled with the carrier insuring the "wrongdoer" Debisschop for the policy limits. The defendant Prudential resists this application since the "wrongdoer" Debisschop was successful in an action she instituted against the plaintiff here in which a jury found that it was the plaintiff's sole negligence that caused the accident of November 19, 1991 (DeBisschop v. Malcarne, CV92-0110653, May 11, 1994, Sylvester, J.). The plaintiff claims that the jury verdict constitutes res judicata or collateral estoppel, and argues that the issue before this court is an issue of arbitrability and not coverage. This court disagrees with that position.
The plaintiff, to succeed here, needs only to prove: 1. the policy was in effect, 2. the policy provided for arbitration, 3. the claimant was a covered person, and 4. the insurer refused to pay the claim. Gaudet v. Safeco Insurance Co.,219 Conn. 391. The parties agree these conditions exist in the instant matter, and therefore, the plaintiff is entitled to arbitrate this claim. The issue here is coverage, not arbitrability. The defendant seeks to have this court rule on the merits of the plaintiff's claim. Whether the plaintiff's claim that the doctrine of res judicata and/or collateral estoppel is applicable in this case will determine whether the plaintiff will be excluded from "coverage" because of a previous fact determination. The Supreme Court has criticized the trial court for doing exactly what the defendant seeks from this court.
 By characterizing the conversion issue as an issue of arbitrability, moreover, the court effectively CT Page 10345 preempted arbitration of the merits of Gaudet's claim whatever its disposition of that issue. Had the trial court found the issue in Gaudet's favor, collateral estoppel might have foreclosed the arbitrator from considering the insurer's claim that Gaudet was excluded from conversion because he had used a vehicle without a reasonable belief that he was entitled to do so.
Id. 399.
The court finds that the issues raised by the defendant of collateral estoppel and/or res judicata is a question of insurance coverage for the arbitrator to decide. Therefore, the court will grant the plaintiff's motion to compel arbitration.
/s/ Pellegrino, J. PELLEGRINO